UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81039-CIV-MARRA/JOHNSON

BERTHA MARA PORRAS,

    Plaintiff,

vs.

LEHMAN REALTY MANAGEMENT, LLC,
a Florida corporation, and JERRY LEHMAN,
individually,

    Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion for Entry of Default Judgment Pursuant to Settlement Agreement. (DE 30). Defendants did not file a response to the Motion. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

**Background**

On July 16, 2009, Plaintiff initiated this action against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). (DE 1). On July 21, 2010, the parties attended a mediation conference to resolve their dispute. The mediation resulted in a complete settlement. (DE 26). At the conclusion of the mediation, the parties drafted and executed a settlement agreement ("Agreement") setting forth the terms of settlement. The Agreement provides:

The parties hereby settle this matter as follows:

      1.      In exchange for mutual general release, including any award of sanctions, . . . the Defendants agree to pay the total sum of $18,000, payable as follows: $9,000 to the Trust Account of Vernis & Bowling of Miami, P.A. thirty days after the Court approves the settlement and dismisses the action with prejudice.  A second check in the amount of [$]9,000 payable in the same manner described above and paid thirty days after the first payment.

      2.      The Court shall retain jurisdiction to enforce the terms of this Settlement.

      3.      In the event of a default in the payment of the above sums, Plaintiff shall be entitled to a judgment in the amount of $42,000.00 upon notice to Defendants' Counsel and ten days opportunity to cure.

(DE 30, Ex. A).

On July 29, 2010, the Court held a hearing to "scrutiniz[e] the settlement for fairness," in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). (DEs 27, 28).  The Court determined that the settlement agreement was "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Accordingly, on July 29, 2010, the Court approved the parties' settlement and issued a Final Order of Dismissal.  (DE 29).  By subsequent Order, dated October 19, 2010, the Court amended the Final Order of Dismissal, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, to retain jurisdiction to enforce the terms of the Agreement in accordance with the express provisions of the Agreement.  (DE 31).

On September 22, 2010, Plaintiff filed the instant motion, arguing that Defendants have failed to comply with the terms of the Agreement and requesting that the Court find Defendants in breach of the Agreement.  Specifically, Plaintiff alleges that Defendants have failed to pay the first settlement installment of $9,000, which according to Paragraph 1 of the Agreement was to be paid within thirty days of the Court's July 29, 2010 Final Order of Dismissal.  Plaintiff further

alleges that on September 3, 2010, she provided Defendants with notice of their default and afforded them an opportunity to cure by tendering the initial settlement payment within ten days, as provided for in Paragraph 3 of the Agreement.  According to Plaintiff, as of September 22, 2010, the date Plaintiff filed the instant motion, Defendants have not tendered payment of any funds due under the Agreement.  Defendants did not respond to, and therefore do not dispute, these allegations.

As a result of Defendants' alleged default, Plaintiff now requests that the Court enter a judgment in her favor in the amount of $42,000.00, pursuant to the default provision in Paragraph 3 of the Agreement.

**Discussion**

Settlement agreements are governed by the rules for interpretation of contracts.  *In re Chira*, 567 F.3d 1307, 1311-12 (11th Cir. 2009); *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000); *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985).  "Where the contractual language is clear, courts may not indulge in construction or modification and the express terms of the settlement agreement control."  *Security Ins. Co. of Hartford v. Puig*, 728 So. 2d 292, 294 (Fla. 3d DCA 1999); *see also O'Neill v. Scher*, 997 So. 2d 1205, 1207 (Fla. 3d DCA 2008) (same).

Here, Paragraph 1 of the Agreement is clear that Defendants were to pay $9,000.00 to the trust account established by Plaintiff's counsel within thirty days after the Court approved the settlement and dismissed the action with prejudice.  Payment was thus due by August 28, 2010, thirty days after the Court's July 29, 2010 Final Order of Dismissal.  Paragraph 3 of the Agreement is also clear that in the event Defendants defaulted on this payment and failed to cure

such default upon ten days notice, Plaintiff would be entitled to judgment in the amount of $42,000.00.

According to the undisputed allegations, Defendants have failed to pay any funds owed to Plaintiff, Plaintiff has provided adequate notice to Defendants regarding this default, and Defendants have failed to cure within ten days of Plaintiff's notice.  Based on these undisputed allegations, the Court finds that Defendants are in breach of the express requirements of Paragraphs 1 and 3 of the Agreement.  Accordingly, Plaintiff is entitled to $42,000.00 under the default provision in Paragraph 3 of the Agreement.

**Conclusion**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Entry of Default Judgment Pursuant to Settlement Agreement (DE 30) is **GRANTED**.  The Court will enter a judgment for Plaintiff against Defendants in the amount of $42,000.00, in accordance with this Order.

2. Plaintiff's request for attorneys' fees associated with preparing the instant motion is **GRANTED**.  Plaintiff's counsel is directed to submit affidavits specifying the hours worked, associated billing rates, and proposed total amount of requested fees.

3. The Court reserves jurisdiction to address the pending attorneys' fees issue.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of October, 2010.

_____
KENNETH A. MARRA
United States District Judge

4

Copies to:
Counsel of record